UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LILYA KORSUNSKY,                    )        CASE NO. CV 04-06560 (RZ)
                                    )
                Plaintiff,          )
                                    )        MEMORANDUM OPINION
        vs.                         )        AND ORDER
                                    )
JO ANNE B. BARNHART, Commissioner   )
of Social Security,                 )
                                    )
                Defendant.          )
_____)

The Court of Appeals has described fibromyalgia as follows:

> [F]ibromyalgia, previously called fibrositis, [is] a rheumatic
> disease that causes inflammation of the fibrous connective tissue
> components of muscles, tendons, ligaments, and other tissue.
> [citations omitted] Common symptoms . . . include chronic pain
> throughout the body, multiple tender points, fatigue, stiffness,
> and a pattern of sleep disturbance that can exacerbate the cycle
> of pain and fatigue associated with this disease. [citations
> omitted] Fibromyalgia's cause is unknown, there is no cure, and
> it is poorly understood within much of the medical community.

The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agreed upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis. [citations omitted]

*Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). The Administrative Law Judge here rejected Plaintiff's claim to have suffered from fibromyalgia. [AR 17 ] In large part, this determination was based on his view of Plaintiff's credibility and, since fibromyalgia depends largely on the reporting of subjective symptoms, the issue of Plaintiff's credibility is particularly important.

Credibility determinations are the province of the Administrative Law Judge. *Russell v. Bowen*, 856 F.2d 81, 83 (9th Cir. 1988). Here, the Administrative Law Judge found that Plaintiff exaggerated and faked her symptoms, and was a malingerer, and ample evidence supported his determination. Each of the following pieces of evidence gave the Administrative Law Judge justifiable reason to doubt Plaintiff's veracity:

- Despite her testimony that she had been directed by a physician to use a cane, and had used a cane over a period of two years, there was no evidence the cane had been prescribed, and the cane was not worn in places where it would have been worn had it been used over that period of time.

- The consulting psychiatrist, Dr. Izzi, stated that it was probable that Plaintiff was malingering, based on the results of tests he administered. Dr. Izzi also concluded that Plaintiff put forth poor effort on the tests, and that

one of the tests was not valid as a result of Plaintiff's poor effort, especially in contrast to Plaintiff's educational background.

• Plaintiff claimed that she had episodic, erratic shaking of various parts of her body, yet conceded that she not only possessed a driver's license, but that in fact she drove once a week to get food.

• The medical record did not support the shakes Plaintiff complained of.

These were legitimate bases upon which to doubt Plaintiff's subjective statements of her symptoms and, since a finding of fibromyalgia rests so heavily upon a claimant's own statements, they were legitimate bases for the Administrative Law Judge to determine that Plaintiff did not suffer from fibromyalgia. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001*); Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. January 24, 2002); *Fair v. Bowen,* 885 F.2d 597 (9th Cir. 1989). It very well may be, as Plaintiff argues to this Court, that there are other interpretations to be placed upon this evidence. Nevertheless, the law commits that decision to the Administrative Law Judge, and directs this Court to uphold it where, as here, it is backed by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.")

Plaintiff protests that two physicians diagnosed her with fibromyalgia. The record is less definitive. Dr. Haberman said, after a single examination, that his impression was "chronic pain syndrome, *most likely* fibromyalgia." [AR 182 (emphasis added)] But he was quite tentative, stating that, on the basis of a single examination, he could not fill

out a physical capacities form as Plaintiff requested.  [*Id.*] Dr. Hurwitz gave his impression of both "chronic pain syndrome with fibromyalgia" and "severe depression," but stated that while Plaintiff did appear to have the former, she had deep psychiatric problems and "that her overriding problem is probably, in fact psychiatric." [Supp. AR 2]   Given the tentative tenor of these remarks, together with the evidence supporting the conclusion that Plaintiff was malingering, the Administrative Law Judge was justified in rejecting the assessment that Plaintiff suffered from fibromyalgia.

The Administrative Law Judge also found that Plaintiff did not have a severe mental impairment.  To do so, among other things, he rejected the opinion of the treating psychiatrist, Dr. Chung, as well as the assessment of a licensed clinical social worker and, implicitly, that of Dr. Hurwitz.  Instead, in large part he relied again on the opinion of the consulting psychiatrist, Dr. Izzi, who concluded that Plaintiff probably was malingering.

An Administrative Law Judge need not accept the opinion of a treating physician, *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), and the conclusion that a claimant is malingering might well be a valid basis for rejecting such an opinion, at least in some circumstances.  However, although Dr. Izzi concluded that Plaintiff probably was malingering, he nevertheless also concluded that she had moderate limitations in certain areas, including her ability to handle detailed instructions, to make judgments on simple work-related decisions, and to respond to work pressures and changes in work settings. [AR 198-99] Such limitations would take Plaintiff past the showing required for having a severe impairment, for that is a *de minimis* showing. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

The Administrative Law Judge rejected this portion of Dr. Izzi's report, however, because, he said, Plaintiff was a malingerer.  [AR 18]  But Dr. Izzi himself had reached the conclusion that Plaintiff probably was malingering and, despite having so concluded, still felt that Plaintiff had certain limitations.  The Ninth Circuit has criticized such selective use of a doctor's reports, *see, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001), and such selectivity cannot justify the Administrative Law Judge's

conclusion here that Plaintiff had no severe mental impairment.  The Administrative Law Judge is left with no evidence from a medical source which supports his conclusion that Plaintiff had no severe mental impairment.

Having concluded that Plaintiff had no severe mental impairment, the Administrative Law Judge did not proceed to assess how any such impairment, singly or in combination with the impairments he did find, might affect Plaintiff's ability to work. This Court can evaluate only that which the Administrative Law Judge in fact addressed. *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991). Accordingly, on remand, the Administrative Law Judge should proceed with the sequential analysis in accordance with this opinion.

IT IS SO ORDERED.

DATED:   September  __13__ , 2005

_____
/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE